UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SILA YILDIRIM,<br><br>　　　　　Petitioner(s),<br>　v.<br><br>LAURA HERMOSILLO, et al.,<br><br>　　　　　Respondent(s). | CASE NO. C25-2696-KKE<br><br>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS |

Petitioner filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, asserting that her arrest and re-detention during an appointment with United States Immigration and Customs Enforcement ("ICE") agents violated her right to due process. Dkt. No. 1. Petitioner also filed a motion for temporary restraining order ("TRO") (Dkt. No. 2), which the Court granted, prohibiting the Government[1] from transferring Petitioner out of the Western District of Washington while her petition is pending. Dkt. Nos. 2, 7.

The briefing on Petitioner's habeas petition is now complete. Dkt. Nos. 1, 8, 11. Because the Court finds that Petitioner has established that her re-detention without a hearing violates her rights to due process, the Court will grant the habeas petition.

---

[1] In this order, the Court refers to the federal Respondents—ICE's Seattle Field Office Director Laura Hermosillo, U.S. Department of Homeland Security ("DHS") Secretary Kristi Noem, U.S. Attorney General Pamela Bondi, and DHS—as "the Government."

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS - 1

## I.  BACKGROUND

Petitioner is a citizen of Turkiye who arrived in the United States to seek asylum in October 2024. Dkt. No. 1 ¶ 1; Dkt. No. 10-3 at 2. She entered without inspection, or being admitted or paroled. Dkt. No. 9 ¶ 4. After a brief detention, United States Customs and Border Protection served Petitioner with a notice to appear and released her from custody with instructions to report to an Alternatives to Detention ("ATD") program. *Id*. ¶¶ 5–6.

Petitioner reported to the ATD program in Seattle on November 5, 2024, and was enrolled in the program on December 10, 2024. Dkt. No. 9 ¶¶ 7–8. In January 2025, Petitioner's immigration case was consolidated with her husband's immigration case, and an individual hearing was scheduled for September 7, 2027. *Id*. ¶¶ 10–11. Petitioner applied for asylum in March 2025 and that application remains pending. Dkt. No. 8 at 2, Dkt. No. 9 ¶ 12.

When Petitioner arrived at an ATD check-in appointment on December 11, 2025, Petitioner was arrested—ostensibly because she had failed to report to the Seattle's DHS/ICE Office of Enforcement and Removal Operations ("ERO") office after being released by Border Patrol—and is currently detained at the Northwest ICE Processing Center. Dkt. No. 9 ¶¶ 13, 16. Petitioner filed her habeas petition on December 24, 2025. Dkt. No. 1.

For the following reasons, the Court finds that the Government's arrest and re-detention of Petitioner without notice of the release violation or an opportunity to be heard on it violates her constitutional right to due process. Accordingly, the Court will grant the habeas petition.

## II.  ANALYSIS

Federal courts have authority to grant writs of habeas corpus to an individual in custody if such custody is a "violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3). In this case, Petitioner contends that her re-detention violates the Due Process Clause of the Fifth Amendment to the United States Constitution, which prohibits the federal

government from depriving any person of "life, liberty, or property, without due process of law[.]" U.S. CONST. AMEND. V. The right to due process extends to "all 'persons' within the United States, including [non-citizens], whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001).

"Procedural due process imposes constraints on governmental decisions which deprive individuals of 'liberty' or 'property' interests within the meaning of the Due Process Clause of the Fifth or Fourteenth Amendment." *Mathews v. Eldridge*, 424 U.S. 319, 332 (1976). "The fundamental requirement of due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner.'" *Id.* at 333 (quoting *Armstrong v. Manzo*, 380 U.S. 545, 552 (1965)). Determining whether an administrative procedure provides the process constitutionally due

> generally requires consideration of three distinct factors: First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

*Id.* at 335.

In *Rodriguez Diaz v. Garland*, the Ninth Circuit assumed without deciding that *Mathews*' three-part test applies in "the immigration detention context." 53 F.4th 1189, 1206–07 (9th Cir. 2022). District courts have applied the *Mathews* test in similar circumstances since then. *See, e.g.*, *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1033 (N.D. Cal. 2025).

The parties apply the three-part *Mathews* test here (Dkt. No. 1 ¶¶ 36–41, Dkt. No. 8 at 8–11), and the Court will consider each *Mathews* factor to determine whether Petitioner's re-detention comports with constitutional due process requirements, after first explaining its jurisdiction to review Petitioner's claims.

**A.     The Court Has Jurisdiction to Hear Petitioner's Claim.**

The Government argues that several provisions of 8 U.S.C. § 1252 preclude this Court's review of Petitioner's claim. Dkt. No. 8 at 7. First, the Government contends that 8 U.S.C. § 1252(g) bars review of Petitioner's claim because the claim arises from the Government's decision to commence removal proceedings. *Id*. Next, the Government argues that 8 U.S.C. § 1252(b)(9) bars review of Petitioner's claim because she challenges an "action taken … to remove an alien from the United States." *Id*. Third, the Government argues that judicial review is precluded by 8 U.S.C. § 1252(e)(3). *Id*.

These arguments rest on a misreading of Petitioner's claim. Petitioner's habeas petition does not seek review of the Government's decision to commence removal proceedings or to take an action to remove her from the United States, nor does she seek to challenge the removal process writ large. Her petition does not seek review of anything related to her removal proceedings. Instead, she seeks judicial review of the procedure by which she was re-detained without notice and a hearing before a neutral decisionmaker. *See* Dkt. No. 1 at 11. The Government has not presented any persuasive argument that the Court lacks the jurisdiction to review Petitioner's constitutional claim, and the Court therefore rejects the Government's jurisdictional challenge. *See, e.g.*, *Jennings v. Rodriguez*, 583 U.S. 281, 293 (2018) (holding that challenges to pre-removal detainment such as a claim for prolonged detention are judicially reviewable despite Section 1252(b)(9)); *Munoz Materano v. Arteta*, __ F. Supp. 3d __, 2025 WL 2630826, at *10 (S.D.N.Y. Sep. 12, 2025) (finding that neither Section 1252(g) nor Section 1252(e)(3) strips a court's jurisdiction to hear procedural challenges to re-detention of an individual previously released from immigration detention).

Thus, having found jurisdiction to consider Petitioner's habeas petition, the Court now considers the merits of the petition using the framework of the *Mathews* factors.

**B.      Petitioner Has a Protected Interest in Her Liberty.**

Petitioner's interest in not being detained is "the most elemental of liberty interests[.]" *Hamdi v. Rumsfeld*, 542 U.S. 507, 529 (2004).  That Petitioner was arrested and remains in custody weeks later undoubtedly presents a deprivation of Petitioner's interest in her liberty.

The Government recognizes, to some extent, that Petitioner has a protected liberty interest in her freedom.  Dkt. No. 8 at 9.  Although the Government's return contends that Petitioner falls within the mandatory detention scheme under 8 U.S.C. § 1225(b) (*id*. at 5–7), Petitioner's status as a person who has been living in this country for more than a year counsels against this expanded view of the Immigration and Nationality Act as amended.  *See, e.g.*, *Escobar Salgado v. Mattos*, __ F. Supp. 3d __, 2025 WL 3205356, at *20 (D. Nev. Nov. 17, 2025) ("By subjecting noncitizens like Petitioners to mandatory detention, despite their significant due process rights as individuals present in the U.S., with no consideration of their deep financial, community, and familial ties in the country, the government has proffered an interpretation of a federal statute that engenders constitutional issues." (citation modified)).  "The overwhelming majority of courts to address the issue have agreed that Section 1226(a), rather than the mandatory detention provision of Section 1225(b)(2)(A), applies to a noncitizen in Petitioner's position who has resided in the United States for many years." *Aquino v. LaRose*, No. 25-cv-2904-RSH-MMP, 2025 WL 3158676, at *3 (S.D. Cal. Nov. 12, 2025) (collecting cases).  The Government's interpretation of § 1225(b) is unpersuasive when the statutory scheme is read as a whole, when this subsection is read in conjunction with its implementing regulations, and when the subsection is read against the backdrop of shifting agency pronouncements.  *See, e.g.*, *Llanes Tellez v. Bondi*, No. 25-cv-08982-PCP, 2025 WL 3677937, at *6–8 (N.D. Cal. Dec. 18, 2025).

Finally, although the Government also argues that "Petitioner cannot claim that the government promised her ongoing freedom[,]" the Court does not read Petitioner's briefing to

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS - 5

make such a claim. Dkt. No. 8 at 10. Petitioner does contend, however, that the Constitution protects her interest in liberty by requiring due process if it is to be deprived, and the Court agrees with that proposition. *See* Dkt. No. 11 at 2.

Under the circumstances of this case, the Court finds that Petitioner's interest in her liberty is constitutionally protected. *See Doe v. Becerra*, 787 F. Supp. 3d 1083, 1093 (E.D. Cal. 2025) ("[I]ndividuals who have been released from custody, even where such release is conditional, have a liberty interest in their continued liberty."). Accordingly, the first *Mathews* factor favors Petitioner.

C.   **The Risk of Erroneous Deprivation of Liberty is High.**

The second *Mathews* factor considers whether a particular process results in a risk of erroneous deprivation of a protected interest, and here, the Court finds a high risk of erroneous deprivation of Petitioner's liberty interest in the absence of a pre-detention hearing.

As described earlier in this order, Petitioner was arrested during a check-in appointment based on an alleged violation that occurred more than a year earlier. *See* Dkt. No. 9 ¶ 13. Specifically, the Government alleges that Petitioner failed to report to the Seattle ERO office on an unspecified date "following her release from Border Patrol." *Id.* But the declaration of the deportation officer states only that she was arrested for failing to report, not that she was ever ordered to report in the first place. *See id*. ¶¶ 6–13. Petitioner denies the existence of such an order. Dkt. No. 11 at 2.

The factual disputes related to the justification for Petitioner's arrest and detention should be resolved at a pre-deprivation hearing, rather than resolved after the fact by this Court. *See, e.g.*, *Rodriguez Diaz v. Kaiser*, No. 25-cv-05071-TLT, 2025 WL 3011852, at *10 (N.D. Cal. Sep. 16, 2025) (explaining that factual disputes as to violations of release conditions "must be adjudicated at a pre-deprivation hearing and they do not extinguish the liberty interest that grew when

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS - 6

Respondents 'permitted [Petitioner-Plaintiff] to develop an out-of-custody life in the United States' over the past five years" (quoting *Pinchi*, 792 F. Supp. 3d at 1034 n.5)). That Petitioner disputes the Government's allegations in her traverse, coupled with the Government's failure to provide even minimal support for the existence of the violation along with its return, only highlights the risk of erroneous deprivation of Petitioner's liberty interest.

Under these circumstances, the Court finds that the second *Mathews* factor favors Petitioner.

**D.     The Government Interest in Civil Detention Without a Hearing Is Low.**

In the final *Mathews* factor, the Court considers the Government's interest in re-detaining Petitioner without a hearing.

The Court finds that the Government's interest in re-detaining non-citizens previously released without a hearing is "minimal": any administrative or financial burdens in providing Petitioner a hearing are far outweighed by the risk of erroneous deprivation of the liberty interest at issue. *See, e.g.*, *Ortega v. Bonnar*, 415 F. Supp. 3d 963, 970 (N.D. Cal. 2019) ("If the government wishes to re-arrest Ortega at any point, it has the power to take steps toward doing so; but its interest in doing so without a hearing is low."). That Petitioner's alleged violation occurred more than a year before it was acted upon, and Petitioner checked in multiple times with Government offices where the alleged violation could have been addressed but was not, undermines any suggestion that the Government's interests must be satisfied immediately or that the cost of procedural safeguards would be insurmountable. The third *Mathews* factor therefore favors Petitioner.

Based on this review of the *Mathews* factors, the Court finds that the Petitioner's liberty interest in her continuing release from custody is entitled to constitutional protections of due

process, and that having received no pre-deprivation process related to her re-detention, Petitioner's constitutional rights have been violated.

### III.  REMEDY

Having determined that Petitioner's re-detention violates her constitutional right to due process, the Court concludes her detention is unlawful and will grant her habeas petition. The Court must now determine the appropriate remedy.

"In habeas cases, federal courts have broad discretion in conditioning a judgment granting relief." *Lujan v. Garcia*, 734 F.3d 917, 933 (9th Cir. 2013). "Federal courts are authorized, under 28 U.S.C. § 2243, to dispose of habeas corpus matters as law and justice require." *Id.* (quoting *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987)). "Declaratory and injunctive relief are proper habeas remedies." *Perera v. Jennings*, 598 F. Supp. 3d 736, 742 (N.D. Cal. 2022).

Here, the Court finds that the appropriate remedy for Petitioner's unconstitutional detention is immediate release. *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973) ("[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and that the traditional function of the writ is to secure release from illegal custody."). Furthermore, as explained in this order, due process requires that Petitioner receive notice and an opportunity to be heard before she may be re-detained for alleged release violations. *See, e.g.*, *Llanes Tellez*, 2025 WL 3677937, at *9 ("If the government wishes to re-detain [Petitioner], it must provide him with the pre-detention hearing before a neutral decisionmaker required by due process."). At any future pre-deprivation hearing, the Government must demonstrate the justification for detention by clear and convincing evidence. *See Doe*, 787 F. Supp. 3d at 1089.

### IV.  CONCLUSION

For these reasons, the Court GRANTS Petitioner's petition for a writ of habeas corpus. Dkt. No. 1. The Government is ORDERED to immediately release Petitioner from custody,

subject to the same conditions that governed her release prior to her detention in December 2025. The Government may not re-detain Petitioner until after a hearing with adequate notice on her alleged release violation before a neutral decisionmaker.

The Government shall file a declaration within **48 HOURS** of the issuance of this order, confirming that Petitioner has been released as ordered herein.

Dated this 15th day of January, 2026.

_Kymberly K. Evanson_
Kymberly K. Evanson
United States District Judge